William A. Pierce, a world war veteran, died in the latter part of the year 1918 as a result of disability suffered in the military service of his country. Surviving him were his widow, Mrs. Clara Boatner Pierce, who later married one Charles N. Carmichael, and also a minor daughter who is now Mrs. Ita Pierce Boddie and the plaintiff herein.
On April 14, 1919, the widow qualified as natural tutrix for the said minor. As a part of the tutorship proceedings there was recorded in the mortgage records of Claiborne Parish, Louisiana, an extract of inventory disclosing a valuation of $1,507.90 for the minor's inherited property.
While the legal mortgage resulting from the recorded certificate was in full force and effect, the tutrix, on October 20, 1920, sold and conveyed a 60 acre tract of land in Claiborne Parish, Louisiana, to William B. Hood, the defendant herein, for the consideration of $800 cash in hand paid. This was her individual and separate property.
From November 30, 1918, through January 31, 1932, the tutrix received for the minor certain sums of money, the greater part of which, or a total of $3,160.67, was paid to her in monthly installments of $20 each by the United States Veterans' Administration. None of these funds was listed in the inventory of the tutorship proceedings, although some were received before the date of its confection.
The daughter continued to live with her mother after the father's death, attending school all the while, until her marriage to E.N. Boddie on September 16, 1931.
The tutrix on May 25, 1934, was divorced from her second husband, Charles N. Carmichael, and in November of that year permanently left the state.
On October 10, 1935, the daughter filed a petition in the tutorship proceedings asking for an accounting. In due course she obtained an in rem judgment against her tutrix, who was cited through and represented in the proceedings by a curator ad hoc, for $4,156.99, plus interest, with recognition of the legal mortgage that resulted from the recordation of the aforementioned certificate of inventory.
The instant action, which is hypothecary in nature, was commenced by the daughter on October 9, 1936, against the said *Page 763 
William B. Hood who, in 1920 as before shown, had purchased the 60 acre tract of land from plaintiff's tutrix. Its purpose was and is to obtain the sale of that property and to have the proceeds thereof applied to the indebtedness due to plaintiff by the tutrix.
The petition herein alleged the amount owing to be $4,156.99; however, after the suit's filing plaintiff received and accepted from her tutrix a tract of land having a value of $400, thus reducing the asserted indebtedness to $3,756.99. Furthermore, her counsel now concedes that recovery against this defendant, William B. Hood, cannot exceed $1,507.90, the total amount listed in the recorded certificate of inventory.
The position of defendant is that there should be a further reduction of $3,160.67 from plaintiff's claim, such amount representing the total payments made to the tutrix for the minor's benefit by the United States Veterans' Administration, leaving a balance of $596.32 which he admits is a proper charge against the land that he purchased.
The case was tried on its merits, and the district judge rendered judgment in plaintiff's favor ordering defendant to deliver and relinquish the 60 acre tract of land, within a designated period, in order that it could be sold by the Sheriff of Claiborne Parish, Louisiana, to pay and satisfy the hypothecary debt due to plaintiff, which, in so far as defendant and said property are concerned, was fixed at $1,507.90, together with interest thereon. There was further judgment, effective on default of such relinquishment, in favor of plaintiff and against defendant for said sum of $1,507.90, with interest, and ordering the seizure and sale of the property and the payment of the named amount out of the proceeds.
Defendant is prosecuting this appeal.
The pleadings of the litigants created many issues; however, all but one have since been abandoned. The only question remaining for determination is whether or not the credit claimed by defendant of $3,160.67 should be allowed.
As before stated, the funds representing this claimed credit were received by the tutrix for the benefit of the minor from the United States Veterans' Administration. They were paid to her in monthly installments of $20 each, as authorized by the provisions of the World War Veterans' Act of 1924, as amended, 38 U.S.C.A. § 421 et seq. The intention of this legislation is "to provide a system for the relief of persons who were disabled, and for the dependents of those who died as a result of disability suffered in the military service of the United States between April 6, 1917, and July 2, 1921." The tutrix used all of the received money for the care and education of her ward, as is shown by written reports filed with the federal administrator and in the tutorship proceedings from time to time.
Plaintiff's opposition to the allowance of the claimed credit is grounded on the following contention which we quote from her counsel's brief: "Civil Code Article 350 prohibits the use of a minor's capital for his support or education except in cases where his revenues or interest are insufficient to support or educate him but even then such use is prohibited unless made with Court authority pursuant to the advice of a family meeting. The tutrix, therefore, had no right to use the plaintiff's funds with or without the consent of the Veterans' Administration unless authorized to do so by the Court having jurisdiction of the tutorship pursuant to the advice of a family meeting. She was not so authorized and the funds in question were properly charged against her."
The exact language of the referred to Civil Code Article 350 is as follows:
"The expenses for the support and education of the minor ought to be so regulated, that nothing decent or necessary shall be wanting to him, according to his condition and his fortune. They ought never to exceed his revenues. But if the revenues are not sufficient to procure him an education, the tutor may cause a family meeting to be assembled in order to deliberate whether it be for the advantage of the minor that something should be taken from his capital, in order to insure to him the advantage of a liberal education.
"In case also that the revenue of the minor should be evidently insufficient to procure him subsistence, the tutor, by the advice of the family meeting, may be authorized to take from the capital in order to supply his wants."
The requirement of that codal provision relative to the convoking of a family meeting in the interest of the minor, is, *Page 764 
in our opinion, not applicable to the funds under consideration, that is the monthly payments made to the tutrix by the Veterans' Administration. This is for the reason, we think, that they cannot be classified as capital of the minor. They are in the nature of revenues, respecting the expenditure of which there is no law, to our knowledge, necessitating the deliberation of a family meeting.
The Supreme Court in Hall v. Courtney, 184 La. 80, 165 So. 458, 462, had under consideration Civil Code Article 347, which deals with the matter of tutorships, as does Article 350, and provides for the investing by the tutor of revenues of the ward; and it observed: "On that subject it has become the settled jurisprudence of this court that the word `revenues,' as used in the article, is synonymous with the word `funds,' and means all moneys belonging to the minor that come into the hands of the tutor in the course of his administration."
In French v. Wolf, 181 La. 733, 160 So. 396, 397, the court commented that "the essential difference between capital and income is that capital is a fund; income is a flow." The word "income," according to Webster's New International Dictionary, is synonymous with the word "revenue".
In the instant case the money received monthly by the tutrix from the Veterans' Administration was no part of a definite fund owned by the minor. It was a flow that came into the hands of the tutrix during the course of her administration. Furthermore, it represented compensation, declared to be such by the federal statute authorizing the payments, the purpose of which was to provide subsistence and education for the deceased veteran's minor from month to month; and to this end all of it was used. Such compensation, according to the statute, ceases when the minor reaches the age of 18 or marries, unless certain designated contingencies arise; and it did terminate for plaintiff when she was married in 1931.
The payments are similar in nature to compensation paid under the Louisiana Employers' Liability Act, Act No. 20 of 1914, as amended. This statute purposes "to provide an employee, whose wages were discontinued as a result of an injury sustained while serving his master, with funds to subsist on until he could return to work." Barr v. Davis Brothers Lumber Company, Ltd.,183 La. 1013, 165 So. 185, 188; Schneider v. Travelers Insurance Company et al., La.App., 172 So. 580. In the event of the employee's death, resulting from those injuries, his dependents are the recipients of compensation, awarded for their care and maintenance, during the period of dependency.
Inasmuch as the funds received by the tutrix from the Veterans' Administration constituted revenues of the minor, and not a part of her capital, and as they were used for the purpose intended, without the necessity of advice from a family meeting, defendant's property is not chargeable for them.
The judgment of the district court is therefore amended by reducing the amount thereof from $1,507.60 to $596.32, and as thus amended it is affirmed. The costs of this court shall be paid by plaintiff.